Johnson, C. J. This is an application made by Thomas Brownlee to be admitted to all the rights of a citizen of the United States. He represents that he is a native of Scotland, that he emigrated to the United States of America, and landed in New Orleans in the State of Louisiana, on the 15th day of November, A. D. 1842, and from thence immediately came to the State of Arkansas, where he then fixed his residence, and thenceforward has resided and yet resides; that at the time of his arrival in the United States, it was, and ever since has been and still is, bona fide, his intention to become a citizen of the United States of America, and to renounce and abjure forever, all allegiance and fidelity to every foreign prince,potentate, State and sovereignty whatever, and particularly all allegiance and fidelity to Victoria, Queen of the United Kingdom of Great Britain and Ireland, of whom he was a subject: that he has resided in the county of Pulaski and State of Arkansas, for a period of more than five years last past, during which period he has never been out of the territory of the United States, except while serving as a volunteer, regularly mustered into the army and service of the United States, when under the command of General Zachary Taylor, he marched with the company of Captain Albert Pike, of which he was a member, into the territory of the Republic of Mexico, from which he returned immediately to his residence aforesaid in Arkansas, upon obtaining his discharge from service as a volunteer in the army of the United States. He then offered to renounce and abjure forever all allegiance and fidelity to every foreign prince, potentate, state and sovereignty whatever, and particularly all allegiance and fidelity to Victoria, Queen of the United Kingdom of Great Britain and Ireland, of whom he was a subject. The question presented is whether he is entitled to be admitted to become a citizen of the United States, upon the showing contained in his petition. The Act of the 26th of May, 1824, provides that, “ Any alien, being a free white person, may be admitted to become a citizen of the United States or any of them, on the following conditions and not otherwise.” The first condition imposed upon the .applicant is that he shall have declared, on oath or affirmation, before the supreme, superior, district or circuit court of some of the States, or of the territorial districts of the United States, or a circuit or district court of the United States, or before the clerk of either of such courts, two years at least before lais admission, that it was bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or •sovereignty whatever, and particularly by name, the prince, potentate, state or sovereignty whereof such alien may, at the time, be a citizen or subject. The Act of April 14, 1802, required that the applicant should have made his declaration three years at least before making his application for admission. The Act of May 26, 1824, reduced the time from three to two years, and further provided, that the declaration might be made before the clerks of the courts, as well as before the courts themselves. This act also contains a provision in favor of minors, and under certain circumstances they are not required to make the previous declaration. By the Act of May 24, 1828, (chap. 106) those aliens, who arrived in the United States before the 18th of June, 1812, are exonerated from the performance of this condition, provided that the applicant, when he presents himself for admission, shall (in addition to the other requisites) prove to the satisfaction of the court that he was residing within the limits and under the jurisdiction of the United States, before the 18th day of June, 1812, and has continued so to reside. To take a case out of the operation of the Act of 1824, the applicant must state such fact as to bring himself within one of the exceptions. The present applicant admits that he emigrated to the United States in 1842, and having wholly failed to make such a showing as to bring himself within either of the exceptions, he must necessarily fall within the rule laid down in the act of 1824. This act expressly requires that he should have made his declaration two years in advance of his application. This he does not pretend to have done; but, on the contrary, admits that he has not done so. The application is therefore refused.